## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

EASTSIDE HOLDINGS INC., Individually and
on Behalf of All Others Similarly Situated,

Plaintiff,

v.

THE BEAR STEARNS COMPANIES INC.,
JAMES E. CAYNE, ALAN D. SCHWARTZ,
WARREN J. SPECTOR, SAMUEL L.
MOLINARO, JR. and ALAN C. GREENBERG,

Defendants.

---

: Electronically Filed
:
:
:
: Civil Action No.: 1:08-cv-02793 (RWS)
: (ECF Case)
:
:  Hon. Robert W. Sweet
:
:
:
:
:

*(Additional Captions on the Following Pages)*

## REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE STATE OF MICHIGAN RETIREMENT SYSTEMS FOR CONSOLIDATION

———————————————————————— x

RAZILL C. BECHER, Individually and on Behalf :
of All Others Similarly Situated,                    :    Electronically Filed
                                                                      :
                                                                      :
                              Plaintiff,                      :
                  v.                                            :    Civil Action No.: 1:08-CV-02866 (RWS)
                                                                      :    (ECF Case)
THE BEAR STEARNS COMPANIES INC.,        :
JAMES E. CAYNE, ALAN D. SCHWARTZ,    :    Hon. Robert W. Sweet
WARREN J. SPECTOR, SAMUEL L.              :
MOLINARO, JR. and ALAN C. GREENBERG, :
                                                                      :
                              Defendants.                   :
———————————————————————— x

GREEK ORTHODOX ARCHDIOCESE           :
FOUNDATION, by and through GEORGE      :
KERITSIS, TRUSTEE, Individually and On     :    Electronically Filed
Behalf of All Others Similarly Situated,            :
                                                                      :
                              Plaintiff,                      :    Civil Action No. 1:08-CV-03013 (RWS)
                  v.                                            :    (ECF Case)
                                                                      :
THE BEAR STEARNS COMPANIES INC.,        :    Hon. Robert W. Sweet
JAMES E. CAYNE, ALAN D. SCHWARTZ,    :
WARREN J. SPECTOR, and SAMUEL L.         :
MOLINARO, JR.,                                        :
                                                                      :
                              Defendants.                   :
———————————————————————— x

FREDERICK S. SCHWARTZ, Individually and :
On Behalf of All Other  Similarly Situated        :    Electronically Filed
Persons,                                                     :
                                                                      :
                                                                      :
                              Plaintiffs,                    :    Civil Action No.: 1:08-CV-04972 (RWS)
                  v.                                            :    (ECF Case)
                                                                      :
THE BEAR STEARNS COMPANIES, JAMES    :
E. CAYNE, ALAN D. SCHWARTZ and           :    Hon. Robert W. Sweet
SAMUEL L. MOLINARO, JR.,                       :
                                                                      :
                              Defendants,                   :
———————————————————————— x

```
———————————————————————— x
                                     :
GILLES BRANSBOURG, Individually and on   :   Electronically Filed
Behalf of All Others Similarly Situated, :
                                     :
                                     :
                          Plaintiff, :   Civil Action No.: 1:08-CV-5054 (RWS)
            v.                       :   (ECF Case)
                                     :
THE BEAR STEARNS COMPANIES INC.,     :   Hon. Robert W. Sweet
JAMES E. CAYNE, ALAN D. SCHWARTZ,    :
WARREN J. SPECTOR, SAMUEL L.         :
MOLINARO, JR. and ALAN C. GREENBERG, :
                                     :
                         Defendants. :
———————————————————————— x
```

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................. ii

ARGUMENT ................................................................................................................. 1

I.      CONSOLIDATION IS PROPER UNDER RULE 42(a) ....................................... 1

II.     BRANSBOURG'S SPECULATION REGARDING POTENTIAL
        UNIQUE DEFENSES DOES NOT REBUT THE PRESUMPTION
        FAVORING SMRS .............................................................................................. 1

        A.      Bransbourg Is Part of The Common Stock Class ...................................... 2

        B.      SMRS Is Not Subject To Unique Defenses That  Threaten To
                Become The Focus Of The Litigation ........................................................ 3

        C.      No Evidence Rebuts the Presumption that SMRS  Will Adequately
                Protect the Interest of the "Bransbourg Class" ......................................... 5

        D.      Defendants' Purported Releases Are Irrelevant ......................................... 9

CONCLUSION ............................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

*Aronson v. McKesson HBOC, Inc.*,
    79 F. Supp. 2d 1146 (N.D. Cal. 1999) ...........................................................................4

*Chu v. Sabratek Corp.*,
    100 F. Supp. 2d 815 (N.D. Ill. 2000) ............................................................................5

*Constance Sczesny Trust v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ...................................................................................7

*In re Delphi Corp. Sec., Deriv. & ERISA Litig.*,
    458 F. Supp. 2d 455 (E.D. Mich. 2006) ........................................................................7

*In re Enron Corp. Sec. Litig.*,
    206 F.R.D. 427 (S.D. Tex. 2002) ...................................................................................7

*Epstein v. American Reserve Corp.*,
    No. 79 C 4767, 1988 WL 40500 (N.D. Ill. Apr. 21, 1988) ....................................... 3-4

*Hevesi v. Citigroup Inc.*,
    366 F.3d 70 (2d Cir. 2004) .............................................................................................6

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) .....................................................................................1

*Lax v. First Merchs. Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .......................................10

*Lloyd v. Indus. Bio-Test Labs., Inc.*,
    454 F. Supp. 807 (S.D.N.Y.1978)..................................................................................7

*Primavera Familienstiftung v. Askin*,
    173 F.R.D. 115 (S.D.N.Y. 1997) ...................................................................................1

*Reimer v. Ambac Fin. Group, Inc.*,
    No. 08-cv-411, 2008 WL 2073931 (S.D.N.Y. May 9, 2008) ........................................5

*Rozenboom v. Van Der Moolen Holding, N.V.*,
    No. 03-cv-8284, 2004 WL 816440 (S.D.N.Y. Apr. 14, 2004) ................................ 7-10

*Sofran v. LaBranche & Co.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) ...................................................................................1

*In re Star Gas Sec. Litig.*,
    No. 04-1766, 2005 WL 818617 (D. Conn. Apr. 8, 2005)................................................3

*In re Tyco Int'l, Ltd. Sec. Litig.*,
    Nos. 00-MD-1335-B, 2000 DNH 182,
    2000 WL 1513772 (D.N.H. Aug. 17, 2000) ...................................................................7

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) .................................................................................7

*In re WorldCom Inc. Sec. Litig.*,
    219 F.R.D. 267 (S.D.N.Y. 2003) .................................................................................4

## STATUTES

15 U.S.C. § 78u-4(a)(3)(B)(ii) ........................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)...................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb) ............................................................................4

The State of Michigan Retirement Systems ("SMRS") respectfully submits this memorandum in reply to the opposition by Bransbourg to SMRS' motion to consolidate.

## ARGUMENT

### I.     CONSOLIDATION IS PROPER UNDER RULE 42(a)

Bransbourg makes much of language from cases interpreting Rule 42(a) to require a balance between judicial economy and avoiding prejudice to the parties.  *See*, *e.g.*, *Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y. 2007).  Yet, unlike in these other actions, Bransbourg has again failed to demonstrate that consolidation will prejudice him. Consolidation is appropriate to efficiently litigate this matter, as intended under Rule 42(a).  *See Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) ("[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate."); *Kaplan*, 240 F.R.D. at 92 ("Given the overlapping questions of law and fact . . . , litigating a multitude of separate actions would only ensure the duplication of effort amongst parties and the needless expenditure of judicial resources.").  In addition, under the PSLRA, the decision on consolidation is to be made before the decision on lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

### II.    BRANSBOURG'S SPECULATION REGARDING POTENTIAL UNIQUE DEFENSES DOES NOT REBUT THE PRESUMPTION FAVORING SMRS

Bransbourg argues that his action should not be consolidated, claiming SMRS will not zealously represent the interests of what he has dubbed the "Bransbourg Class." In his recent filing, Bransbourg still fails to present the "proof" required to rebut the presumption that SMRS is the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (Sweet, J.) (the PSLRA requires proof of inadequacy, not mere speculation.).

A.    **Bransbourg Is Part of The Common Stock Class**

Bransbourg claims that he is part of a different class that requires its own representation because he did not purchase Bear Stearns stock on the open market. Bransbourg is apparently a stranger to his own complaint. The Bransbourg complaint, which defines his action and his "class," alleges that he was damaged by the decline in Bear Stearns' common stock, which was inflated by the same false and misleading statements pled in the other actions. *See Bransbourg* Compl. at ¶¶ 72-78. More specifically, Bransbourg alleges that he "suffered damages . . . ***in reliance on the integrity of the market***" and that the "Plaintiff and the Class . . . ***paid artificially inflated prices for Bear Stearns common stock***." *Id*. at ¶ 82 (emphases added).

Although Bransbourg received CAP Plan Units, he does not allege that he was damaged by purchasing or receiving those units, but by the purchase of artificially inflated Bear Stearns common stock. Bransbourg does not allege misrepresentations in the Restricted Stock or CAP Unit plan documents, nor that defendants made representations to employees that differed from those made to the open market. The false statements alleged in his complaint are the same open-market statements alleged in the other Bear Stearns class actions, as demonstrated in SMRS' opening brief to this motion.

Bransbourg also states that, "members of the Bransbourg Class are not open market purchasers." Bransbourg Br. at 6. If this is true, what is the basis for the allegation that he relied on the integrity of the market for Bear Stearns' common stock, for which he "paid" artificially inflated prices? *Id*. Moreover, Bransbourg's PSLRA certification, attached at the end of his complaint, submitted "under penalty of perjury," references three transactions: (i) receipt of 2312 vested CAP Plan Units on 11/1/07; (ii) an apparent purchase of 2096 shares of Bear Stearns stock at $89.4664 per share on

12/27/07 and (iii) a sale of 500 shares of Bear Stearns common stock at $91.15 per share on 1/25/08.

In short, Bransbourg is part of the same class as SMRS.  To the extent Bransbourg is claiming that Bear employees received stock at artificially inflated prices pursuant to the Restricted Stock or CAP Unit plans, then separate actions and representation are still not warranted.  Bransbourg may or may not have employment compensation, or other, claims from his receipt of CAP Units as part of a compensation plan.  What is certain, however, is that the action he filed alleges Section 10(b) and 20(a) claims founded on artificial inflation of Bear Stearns common stock due to materially false and misleading public statements.

## B. SMRS Is Not Subject To Unique Defenses That Threaten To Become The Focus Of The Litigation

Bransbourg claims that he and his class are subject to unique defenses.  *See* Bransbourg Br. at 5-6 ("The Bransbourg Class May Be Subject To Unique Defenses . . . Since members of the Bransbourg Class are not open market purchasers, they are likely to confront defendants' argument that they are required to prove individual reliance. . . .") Bransbourg cites *Epstein v. American Reserve Corp.*, No. 79 C 4767, 1988 WL 40500 (N.D. Ill. Apr. 21, 1988) in support of this contention; however, this argument fails for several reasons.  First, this 20-year-old opinion from a district court in another circuit involved a motion for class certification.  As already discussed, the issue of subclasses is premature at this stage of the litigation.  *See In re Star Gas Sec. Litig.*, No. 04-1766, 2005 WL 818617, at *7 (D. Conn. Apr. 8, 2005).

Second, Bransbourg has the holding in *Epstein* and the PSLRA standard backwards.  In *Epstein*, it was the proposed representatives that were "subject to unique

- 3 -

defenses which may well consume the merits of this case." 1988 WL 40500, at *5. The PSLRA's "unique defense" standard requires that a ***challenger*** submit "proof" that the presumptive lead plaintiff is "subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb). That Bransbourg may be subject to a unique defense could be reason to deny a motion ***by him*** to represent all class members. It cannot disqualify SMRS, who is not subject to a unique defense concerning reliance, as Bransbourg concedes. *See* Bransbourg Br. at 6; s*ee, e.g.*, *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1151 n.3 (N.D. Cal. 1999) ("The appropriate inquiry is whether the lead plaintiff for the class is subject to unique defenses, not whether class members with unique defenses require separate leadership.")

To be disqualifying, a unique defense must "threaten to become the focus of the litigation." *In re WorldCom Inc. Sec. Litig.,* 219 F.R.D. 267, 282 (S.D.N.Y. 2003) (Cote, J.). In *WorldCom* defendants argued that the proposed class representatives were subject to a unique reliance defense because portfolio managers told them to buy WorldCom stock. Judge Cote rejected the argument, reasoning that whoever made the decision relied on publicly available information. *See id*. Bransbourg's claimed unique defense is equally meritless and can easily be dealt with if and when it arises. The potential reliance defense will not become the focus of the litigation. At most, it will be one of the many defenses defendants typically interpose in complex securities class actions, which SMRS is ready and willing to vigorously repel.[1]

---

[1] Bransbourg also questions whether employees who receive stock pursuant to these employment plans can assert §10(b) claims and what the proper measure of damages will be. These are all questions of law which can easily and effectively be briefed and argued by SMRS. They cannot reasonably justify the expenditure of private and judicial resources that a separate lawsuit will require.

The value of the CAP Units and Restricted Stock units is directly -- and solely -- tied to the price of Bear Stearns' common stock. They are a type of convertible, or derivative, security, and Bransbourg will be able to establish the reliance element based on the "fraud on the market" theory. S*ee Chu v. Sabratek Corp.*, 100 F. Supp. 2d 815, 816 (N.D. Ill. 2000) (fraud on the market presumption available to purchasers of bonds convertible into common stock that traded in an efficient market, even if the bonds themselves were not alleged to trade in an efficient market). Bransbourg's speculation and pessimism regarding his own claims does not defeat the statutory presumption favoring SMRS' appointment.

### C.    No Evidence Rebuts the Presumption that SMRS Will Adequately Protect the Interest of the "Bransbourg Class"

Bransbourg argues, without any basis, that SMRS will not adequately protect his interests. Again, the PSLRA requires that Bransbourg submit "proof" that SMRS is inadequate. *Reimer v. Ambac Fin. Group, Inc*., No. 08-cv-411, 2008 WL 2073931, at *4 (S.D.N.Y. May 9, 2008) (Buchwald, J.) ("While there is surface appeal to the argument, we find that Inter-Local has not met its burden of showing 'upon proof' that the U.S. Public Pension Funds will not adequately represent the class.").

In this regard, Bransbourg argues that SMRS, in order to succeed on its claims, does not need to navigate the terms of the stock issuance plans to determine eligibility, vesting and so on. Bransbourg Br. at 8. To the extent that the plans need to be reviewed to establish a right to recover, that would be no more burdensome than establishing claim eligibility of common stock purchasers, which is usually done through a claim form that requires the class member to answer questions. This will be a complex litigation involving motion practice, review of millions of documents, depositions and trial. To

suggest that SMRS or its counsel is inadequate because it will be unwilling to review

plan documents which are 7-15 pages long, is not only untrue (because SMRS will carry

out its fiduciary obligations), but absurd.

Equally meritless is Bransbourg's argument that SMRS' lack of an individual

interest in the resolution of certain issues will prevent it from zealously protecting

Bransbourg's interest.  In this regard, Bransbourg states that SMRS' counsel refused to

assume a fiduciary obligation to the Bransbourg Class.  Bransbourg Br. at 7 n.2.  This is

untrue.  SMRS is aware of the fiduciary duties it will owe to the "Bransbourg Class" if it

is appointed lead plaintiff and will fulfill them.  SMRS has demonstrated compliance

with the PSLRA's lead plaintiff requirements.  SMRS is not also required to provide

private assurances phrased "just-so" to Bransbourg's counsel.

The argument also fails as a matter of law because the PSLRA does not require

that the lead plaintiff be equally personally motivated to pursue all claims.  Indeed, courts

often appoint movants with claims pursuant to Section 11 of the Securities Act of 1933 to

represent open market purchasers who have claims only pursuant to Section 10 of the

Exchange Act, or vice versa, even though the claims have different elements, and also

routinely appoint purchasers of one security to represent purchasers of another security.

The Second Circuit has held that the lead plaintiff need not have standing to assert every

claim available to absent class members to be adequate and typical, "***[n]othing in the***

***PSLRA indicates that district courts must choose a lead plaintiff with standing to sue***

***on every available cause of action***." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir.

2004) (emphasis added).  Thus, SMRS need not be a former Bear Stearns employee to be

appointed Lead Plaintiff with regard to these claims.  If a movant who purchased one

security and has only Section 11 claims can represent persons with Section 10 claims who bought another security, which the former has no standing to assert, and no personal motivation to specifically pursue, then SMRS cannot be deemed inadequate because it was not a former Bear Stearns employee.  If Bransbourg is right, then dozens of judges, from numerous circuits including the Second, who have rejected niche lead plaintiff arguments as contrary to the PSLRA, have gotten it spectacularly wrong.[2]

Bransbourg's own citations undermine his argument.  For example, he relies on the following definition of typicality:  "Typicality is shown by demonstrating that 'each class members' claim arises from the **same course of conduct** and each class member make [sic] **similar** legal arguments to prove the defendants' liability.'"  Bransbourg Br. at 6, quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295-96 (E.D.N.Y. 1998) (emphases added).  This Court has agreed with that formulation of the standard.  *See Rozenboom v. Van Der Moolen Holding, N.V.*, No. 03-cv-8284, 2004 WL 816440, at *6 (S.D.N.Y. Apr. 14, 2004) ("[T]he claims of the class representatives **need not be identical** . . . [t]**he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact**.'"), quoting *In re*

---

[2] *See e.g. In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002) (separate classes and separate lead counsel not required for each type of security involved in the action, because "the litigation should proceed as a unified class with a strong Lead Plaintiff, at least until the time for class certification."); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (stock purchasers could represent option purchasers as lead plaintiff); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253-54 (S.D.N.Y. 2003) ("only one Lead Plaintiff is necessary" to represent Exchange Act and Securities Act claims); *In re Tyco Int'l, Ltd. Sec. Litig.*, Nos. 00-MD-1335-B, 2000 DNH 182, 2000 WL 1513772, at *8 (D.N.H. Aug. 17, 2000) (same); *In re Delphi Corp. Sec., Deriv. & ERISA Litig.*, 458 F. Supp. 2d 455, 462 (E.D. Mich. 2006) (lead plaintiff "need not have suffered a loss on each type of security at issue to serve as the Lead Plaintiff in this litigation."); *Lloyd v. Indus. Bio-Test Labs., Inc.*, 454 F. Supp. 807, 812 (S.D.N.Y. 1978) (consolidating action involving purchases of common stock with action involving purchases of options under Rule 42(a) as having common questions of law or fact).

*Prudential Sec., Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 218 (S.D.N.Y. 1995) (emphasis added).

The *Bransbourg* Action and the other actions share many legal and factual similarities. While distinctions exist, they are not substantive and are overwhelmed by the similarities. Indeed, Bransbourg concedes that "the claims asserted in the Bransbourg Action and the Common Stock Purchaser Actions ***arise out of Defendants' similar course of conduct*** . . . ." Bransbourg Br. at 1 (emphasis added). At most, the differences Bransbourg relies on demonstrate that his action and what he calls the "Common Stock Purchaser Actions" are similar, rather than identical. The law requires only similarity.

The adequacy requirement is also easily met at the lead plaintiff stage, as this Court has held, requiring only that "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *Rozenboom*, 2004 WL 816440, at *6. There is no conflict in SMRS spearheading Bransbourg's claims. A conflict would exist if, in order to win, SMRS would need to assert legal theories or facts that undermine Bransbourg's claims. Bransbourg has not identified such theories or facts, and none exist.[3] Not only does SMRS have an interest in proving the operative facts alleged in the Bransbourg and other complaints (*i.e.* the common course of conduct that Bransbourg admits exists), it ***must*** do so to recover.

---

[3] Bransbourg states that "SMRS could take the position that the Bransbourg Class are, in fact, the wrongdoers" and may seek damages from the class. Bransbourg Br. at 9. This rank speculation about what SMRS may plan on doing is not the proof required by the statute. Moreover, defendants in the actions are all high ranking executive officers of Bear Stearns who Bransbourg specifically excludes from his action as well. *See Bransbourg* Compl. at ¶ 85. Employees of Bear Stearns who participated in the fraud could not recover as part of Bransbourg's so-called subclass either; that is, there can be no "wrongdoer" subclass.

As to the second adequacy prong, Bransbourg has not questioned, nor can he, the *bona fides* of SMRS' selected counsel to lead this litigation.

### D.    Defendants' Purported Releases Are Irrelevant

The release attached by Bransbourg is a red herring.  It has no bearing on the application of the PSLRA's lead plaintiff provisions.  The PSLRA's straightforward provisions require identifying the movant with the largest financial interest, and determining if the movant has made "a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met."  *Id.* at *5 (citations omitted)

Bransbourg tries to argue that SMRS is inadequate by saying that it did not know about the release, and that its counsel is less capable than his counsel in evaluating it.  If Bransbourg's counsel was truly concerned about this development, it should have promptly contacted SMRS' counsel, as the presumptive lead counsel, instead of waiting to use the release to gain advantage on the lead plaintiff motion.  Moreover, Bransbourg claims that a response to Bear Stearns' offer was required by July 15, 2008, three days before it filed its opposition brief, and states that his counsel is "presently [*i.e.* as of July 18, 2008] considering various options."  Bransbourg Br. at 10.  It is difficult to see how Bransbourg's counsel's consideration of various options on July 18 of matters that, according to Bransbourg, required intervention by July 15, is a vote of confidence in his or his counsel's leadership.  If the release has any bearing on the lead plaintiff analysis -- which it does not -- all Bransbourg has shown is that he and his counsel have missed a deadline he has known about since May 2008.  *See* Bransbourg Br. at 9.[4]

---

[4] If the issue arises, SMRS will demonstrate that the release does not bar claims pursuant to the federal securities laws.  The release addresses employment-related claims only.  It enumerates various employment statutes (ERISA, Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act, etc.) while omitting reference to the federal securities laws.  *See* Decl. of Gregory Mark Nespole at Ex. D.  Moreover,

Although Bransbourg says defendants have attempted to drive a wedge between former employees and other Bear Stearns stock purchasers using the releases, defendants have not opposed SMRS' motion. The only party driving a wedge between former Bear Stearns employees and other members of the class is Bransbourg himself.

In any event, until the Court appoints a lead plaintiff and lead counsel, no law firm can speak on behalf of anyone other than its own clients. Yet, instead of urging expeditious resolution of the lead plaintiff motion, Bransbourg argues that "the date for the filing of the [lead plaintiff] motion is a month away," which means resolution of the lead plaintiff issue is at least two months away. *Id.* at 10.[5]

## CONCLUSION

SMRS is a sophisticated institutional investor with more than $60 million at stake in this litigation. Bransbourg's attempts to manufacture a niche subclass founded on minor differences and speculation regarding potential unique defenses, should be rejected pursuant to a straightforward application of the PSLRA's lead plaintiff procedure and numerous decisions that reject niche lead plaintiffs as contrary to the statute.

---

the issue is speculative because it is not known how many former Bear Stearns employees executed this release, if any. Indeed, Bransbourg does not state whether he has signed it. Confronting this issue will not become the focus of the litigation and SMRS commits to fully addressing it if and when it arises.

[5] This contention is wrong because Bransbourg's notice did not reset the motion deadline. As demonstrated in SMRS' opening brief, the lead plaintiff deadline -- even for niche lead plaintiffs - - was May 16, 2008. *See* SMRS Br. at 6. A niche lead plaintiff cannot evade the statutory deadline by issuing a press release that he claims starts a new 60-day deadline. *See Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *3-4 (N.D. Ill. Aug. 11, 1997) ("The fact that a later-filed complaint alleges a different class period would not bring that complaint out of the aegis of § 21D(a)(3)(A)(ii). That section refers only to *claims* and not to class periods. ***If a later action asserts substantially the same claims, no new notice is required.***" (second emphasis added)). The Bransbourg complaint does not allege new claims and, therefore, a notice announcing its filing does not reset the 60-day deadline. If that was the law, the lead plaintiff deadline would reset constantly in actions where more than one complaint and notice was filed (which occurs in most securities class actions), which would allow plaintiffs with minimal stakes in the litigation to thwart the appointment of a qualified lead plaintiff. In addition to undermining the PSLRA's financial interest provision, such a rule would encourage the filing of multiple actions and the publication of multiple notices, which is contrary to the PSLRA and would undermine judicial efficiency. *See, e.g., Rozenboom*, 2004 WL 816440, at *4.

- 10 -

Dated:   July 25, 2008

Respectfully Submitted,

**BERMAN DeVALERIO PEASE
TABACCO BURT & PUCILLO**

**LABATON SUCHAROW LLP**

By: _/s/ Jeffrey C. Block_____

By: __/s/ Thomas A. Dubbs_____

Jeffrey C. Block (JCB-0387)
Patrick T. Egan
Justin Saif
One Liberty Square
Boston, Massachusetts 02109
Telephone:     (617) 542-8300
Facsimile:     (617) 542-1194

Thomas A. Dubbs (TD-9868)
Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone:     (212) 907-0700
Facsimile:     (212) 818-0477

Joseph J. Tabacco, Jr. (JJT-1994)
Julie J. Bai
425 California Street
Suite 2100
San Francisco, California 94104
Telephone:     (415) 433-3200
Facsimile:     (415) 433-6382

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x
EASTSIDE HOLDINGS INC., Individually and :
on Behalf of All Others Similarly Situated,   :   Electronically Filed
                                              :
                              Plaintiff,       :
                                              :
              v.                               :   Civil Action No.: 1:08-cv-02793 (RWS)
                                              :   (ECF Case)
THE BEAR STEARNS COMPANIES INC.,              :
JAMES E. CAYNE, ALAN D. SCHWARTZ,             :    Hon. Robert W. Sweet
WARREN J. SPECTOR, SAMUEL L.                  :
MOLINARO, JR. and ALAN C. GREENBERG,          :
                                              :
                              Defendants.       :
—————————————————————— x

*(Additional Captions on the Following Pages)*

**CERTIFICATE OF SERVICE**

———————————————————————— x
RAZILL C. BECHER, Individually and on Behalf :
of All Others Similarly Situated,              :   Electronically Filed
                                                  :
                    Plaintiff,      :
        v.                          :   Civil Action No.: 1:08-CV-02866 (RWS)
                                                  :   (ECF Case)
THE BEAR STEARNS COMPANIES INC.,     :
JAMES E. CAYNE, ALAN D. SCHWARTZ,    :   Hon. Robert W. Sweet
WARREN J. SPECTOR, SAMUEL L.         :
MOLINARO, JR. and ALAN C. GREENBERG, :
                                                  :
                    Defendants.  :
———————————————————————— x
GREEK ORTHODOX ARCHDIOCESE        :
FOUNDATION, by and through GEORGE     :
KERITSIS, TRUSTEE, Individually and On   :   Electronically Filed
Behalf of All Others Similarly Situated,      :
                                                  :
                    Plaintiff,     :   Civil Action No. 1:08-CV-03013 (RWS)
        v.                          :   (ECF Case)
                                                  :
THE BEAR STEARNS COMPANIES INC.,     :   Hon. Robert W. Sweet
JAMES E. CAYNE, ALAN D. SCHWARTZ,    :
WARREN J. SPECTOR, and SAMUEL L.    :
MOLINARO, JR.,                   :
                                                  :
                    Defendants.  :
———————————————————————— x
FREDERICK S. SCHWARTZ, Individually and :
On Behalf of All Other  Similarly Situated    :   Electronically Filed
Persons,                            :
                                                  :
                    Plaintiffs,   :   Civil Action No.: 1:08-CV-04972 (RWS)
        v.                          :   (ECF Case)
                                                  :
THE BEAR STEARNS COMPANIES, JAMES   :
E. CAYNE, ALAN D. SCHWARTZ and     :   Hon. Robert W. Sweet
SAMUEL L. MOLINARO, JR.,         :
                                                  :
                    Defendants,   :
———————————————————————— x

———————————————————————————— x

GILLES BRANSBOURG, Individually and On  :
Behalf of All Others Similarly Situated,  :
                                  :
                            :    Electronically Filed
                    Plaintiff,  :
        v.  :
                                    :    Civil Action No. 1:08-CV-05054 (RWS)
THE BEAR STEARNS COMPANIES INC.,  :    (ECF Case)
JAMES E. CAYNE, ALAN D. SCHWARTZ,  :
WARREN J. SPECTOR, and SAMUEL L.  :
MOLINARO, JR.,  :
                                    :
                  Defendants.  :

———————————————————————————— x

I, Thomas A. Dubbs, hereby certify, that on July 25, 2008, I electronically filed a true and correct copy of the following document:

- Reply Memorandum of Law in Support of the Motion of the State of Michigan Retirement Systems for Consolidation

with the Clerk of the Court using the ECF system which will send notification to the following:

drosenfeld@csgrr.com, jfruchter@fruchtertwersky.com, jsaks@kramerlevin.com,

dfrankel@kramerlevin.com, ssinaiko@kramerlevin.com, ssaltzst@skadden.com,

jkasner@skadden.com, christopher.giampapa@srz.com, alan.glickman@srz.com,

gary.stein@srz.com, egoldstein@paulweiss.com, jhurwitz@paulweiss.com,

bkarp@paulweiss.com, dtoal@paulweiss.com, jerry@blbglaw.com,

seidman@bernlieb.com, brower@browerpiven.com,  brown@whafh.com,

krasner@whafh.com, nespole@whafh.com, jblock@bermanesq.com,

pegan@bermanesq.com, parislaw@neto.com, jbleichmar@labaton.com, and

jjohnson@labaton.com.

I also hereby certify that I have caused true and correct copies of the foregoing documents to be served via U.S. mail to the following:

William Bernard Federman
Federman & Sherwood
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73102

Scott E. Schutzman
Law Offices of Scott E. Schutzman
3700 S. Susan Street
Santa Ana, CA 92704

David C. Walton
Coughlin, Stoia, Geller, Rudman
    & Robbins, L.L.P.
655 W. Broadway, Suite 1900
San Diego, CA 92101-3301

A. Anderson B. Dogali
Zala L. Forizs
Joel J. Ewusiak
Forizs & Dogali, P.L.
4301 Anchor Plaza Parkway, #300
Tampa, FL 33634

/s/  *Thomas A. Dubbs*
Thomas A. Dubbs (TD-9868)